**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONAT RICKETTS,<br>Plaintiff,<br><br>v.<br><br>CBS CORPORATIONS, et al.<br>Defendants. | CV 19-03895-DSF (MRWx)<br><br>Order DENYING Plaintiff's Motion to Alter or Amend the Court's Order, Motion for Reconsideration of Orders, or in the alternative, Motion to Certify Order for Interlocutory Appeal (Dkt. 116-1) |

Plaintiff Donat Ricketts moves 1) to alter or amend judgment, 2) for reconsideration, and/or 3) for an order certifying an interlocutory appeal. Dkt. 116-1 (Mot.).[1] Defendants ViacomCBS, Inc., CBS Studios

[1] Despite the Court's warning in its prior order, Plaintiff's motion again fails to comply with the Local Rules. The Memorandum of Points and Authorities does not include a caption page, a table of contents, or a table of authorities, nor does the Reply, Dkt. 123, include a table of contents or a table of authorities. <u>See</u> Local Rules 7-4 ("On the first page of . . . every . . . document filed in connection with any motion, there shall be included, under the title of the document, the date and time of the motion hearing, and the name of the judicial officer before whom the motion has been noticed"), 11-8 ("Any memorandum of points and authorities or any brief exceeding ten (10) pages in length, excluding exhibits, shall be accompanied by an indexed table of contents setting forth the headings or subheadings contained in the body thereof, and by an indexed table of the cases, statutes, rules, and other authorities cited."). Additionally, the Reply is 31 pages, nearly three times

Inc., Makenna Productions, Inc., Warner Bros. Television, The CW Network, LLC, Netflix, Inc., Rob Hardy, April Blair and Spencer Paysinger oppose. Dkt. 121 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for March 30, 2020 is removed from the Court's calendar.

## I. BACKGROUND

Plaintiff is an independent filmmaker, producer, and actor. Dkt. 14 (FAC) ¶ 7. Since 2013, Plaintiff has created a number of works, some of which have been registered with the Copyright Office under registration numbers PA0002155296 and TX0008679244 (the Works). See id. ¶¶ 91, 94, 97, 120. In early October 2017, Plaintiff became aware that Defendants were coming out with a TV show called "All American" (the Series). Id. ¶ 90. Plaintiff alleges that the Series infringes some or all of his Works. See id. ¶¶ 93-94, 99-106, 109, 111-116. Based on that alleged infringement, Plaintiff brings claims for 1) constructive/resulting trust, 2) felony copyright infringement, 3) vicarious, civil and common law copyright infringement, 4) unjust enrichment/conversion, 5) discrimination, 6) unfair competition/business practices, and 7) racketeering.

---

the 12-page limit. Dkt. 9 (Standing Order) at 4.c. Given Plaintiff's past requests for page-limit extensions and Plaintiff's acknowledgement in his declaration that he was over the page limit, Dkt. 124 (3/17 Ricketts Decl.) ¶ 4, it is clear Plaintiff's disregard for the Court's rules was knowing and intentional. Plaintiff is not entitled to ignore Court rules because they inconvenience him or because he is frustrated that "the Court [has not] allow[ed] me to present Oral argument, Affidavits and Expert Witness testimony." Id. The Court understands that navigating the legal system as a pro se litigant can be challenging. Nonetheless, Plaintiff's obligation to abide by this Court's rules and procedures is not diminished merely because he appears pro se. Local Rule 1-3; Standing Order at 13. Future failures to comply with the Local Rules and this Court's Orders will result in sanctions, including striking the improperly filed documents.

On February 18, 2020, the Court granted Defendants' Motion for Judgment on the Pleadings as to the Second, Third, Fourth, and Sixth Causes of Action, and dismissed the First, Fifth, and Seventh Causes of Action with leave to amend. Dkt. 113 (Order). On February 20, 2020, the Court denied Plaintiff's motion for a preliminary injunction. Dkt. 114 (PI Order).

## II. DISCUSSION

### A. Motion to Alter or Amend Judgment

Federal Rule of Civil Procedure 59(e) permits a party to move to "alter or amend a judgment" no later than 28 days "after the entry of the judgment." "Rule 59(e) applies only to motions to alter or amend . . . 'any order from which an appeal lies,' . . . in other words, a *final* order." United States v. Martin, 226 F.3d 1042, 1048 (9th Cir. 2000). No judgment has been entered in this case and the Order gave Plaintiff leave to amend. Therefore, Rule 59(e) is not applicable. See Jones v. Encore Credit Corp., 719 F. App'x 665, 666 (9th Cir. 2018) (affirming denial of motion under Rule 59(e) "because a judgment had not yet been entered").[2] Plaintiff's motion to alter or amend the Order is DENIED.

[2] Plaintiff seeks relief only under Rule 59(e) for the Order, and not the PI Order. Dkt. 118 (Notice) ("MOTIONS TO ALTER OR AMEND THE COURT'S ORDER (1). *Granting Defendant's Motion for Judgement*").

**B. Motion for Reconsideration**[3]

Plaintiff seeks reconsideration of the Order and the PI Order.[4] Federal Rule of Civil Procedure 60(b) provides for reconsideration of a "final judgment, order, or proceeding" only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a judgment that has been satisfied; (6) or some other reason that justifies relief. The Central District of California places additional limitations on motions for reconsideration. There are only three grounds on which a motion for reconsideration may be made:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Rule 7-18. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Id. Displeasure or disagreement with the outcome alone is insufficient. Unless the moving party shows that one

---

[3] In support of this Motion, Plaintiff requests judicial notice of 1) documents filed in this case, Exs. 1-2, 9; 2); the opinions from some of the cases cited in Plaintiff's briefing, Exs. 3-8, 10; and 3) the public search results from the Copyright Office website for the Series pilot episode, Ex. 11. Dkt. 119 (RJN). While these documents can properly be considered by the Court, Plaintiff has not explained their relevance to this Motion. None of the attached documents supports reconsideration.

[4] Plaintiff does not make any arguments specific to the PI Order in his brief. Because the PI Order relied in large part on the Order, the Court considers both together.

of the three listed grounds exists, the Court will not grant reconsideration.

Plaintiff fails to establish the existence of a material difference in fact or law, the emergence of new facts or a change in the law, or a manifest failure by the Court to consider material facts that would warrant reconsideration of the Order or PI Order. Instead, Plaintiff merely repeats arguments and rehashes facts previously considered and argues that the Court incorrectly applied existing law to the facts of the case.[5] See, e.g., Mot. at 7 ("Summary of Errors"); id. at 9 ("[T]he Court largely mischaracterized 'fragmented similarities' of reoccurring plots in both the Works and the Series") (emphasis deleted); id. at 19 ("The Court has mischaracterized signature elements of the Works") (emphasis deleted). This amounts to nothing more than disagreement with the Court's previous decision and is not adequate grounds for reconsideration. Reconsideration is not a vehicle for Plaintiff to have a second bite at the apple.[6]

---

[5] In some situations, Plaintiff cites cases that he did not cite in his prior briefs. However, this does not constitute a change in law and Plaintiff has not shown that "in the exercise of reasonable diligence" he could not have known about these additional cases. A motion for reconsideration is not an invitation for Plaintiff to redo his brief with additional support he did not include but could have included.

[6] Further, Plaintiff states that "[i]t was crucial that I informed the Court about television technology in motion. I've held on to this argument, hoping to address it on record. Unfortunately, because this Court has always denied my request to exceed page count and my request for oral argument, I had no choice but to present my entire argument in the Reply motion." 3/17 Ricketts Decl. ¶ 4. First, the Court notes that it permitted Plaintiff's original opposition brief to be 35 pages long, 10 pages beyond the limits set out by the Local Rules and this Court's Orders. Dkt. 69. Regardless, Plaintiff is not entitled to "hold on" to arguments he wishes to make or "present . . . entire argument[s]" in reply briefs. To the contrary, such unfair, surprise litigation tactics are prohibited. See, e.g., Loomis v. Cornish, 836 F.3d 991, 998 n.3 (9th Cir. 2016) (arguments not made in an opening brief are waived); In re Cent. Processing Servs., LLC, 611 B.R. 563, 569 (Bankr. E.D. Mich. 2019)

Plaintiff appears to argue that the following constitutes "newly discovered evidence": 1) the "six promos" for which the Court granted judicial notice, but "does not address . . . in its analysis," 2) the evidence that would have been authenticated at a hearing, had the Court elected to hold one, 3) the Court's purported failure to "decide the breadth of copyright protection for the Works," 4) the Court's purported failure to "acknowledge the precedence [sic] of *Wilson v. Walt Disney* and *Astor-White v. Strong*," 5) the Court's purported failure to "address the 'audience' and, or 'format' theory," and 6) "All things mentioned throughout." Mot. at 4 n.1. Plaintiff also argues that it was improper for the Court to dismiss the copyright-based claims without leave to amend because "it does not have personal jurisdiction" over the unregistered works. Mot. at 7.

In Reply, Plaintiff frames his various complaints as "an intervening change in controlling law." Reply at 2 (emphasis deleted) ("there is an intervening change in controlling law involving personal jurisdiction"; "there is an intervening change in controlling law as the Court must determine the breadth of protection to the Works"; "there is an intervening change in controlling law pursuant to Judge Vince Chhabria, United States District Judge's published evaluation of *Funky Films* in *Wilson v. Walt Disney Company* (2015)"; "there is an intervening change in controlling law pursuant to *Astor-White v. Strong*"; "there is an intervening change in controlling law when applying the wrong test to the Business Plan" (emphasis deleted)). However, most of the Reply brief is just a description of the ways in which Plaintiff disagrees with the Court. See 3/17 Ricketts Decl. ¶ 4 ("I've done my best to address the Court's extrinsic test step-by-step"). And even where Plaintiff cites specific cases, they pre-date the briefing at issue here or are not binding decisions (as discussed in more detail

---

("[M]aking new, surprise arguments at a hearing that have not been previously made in writing is not favored by the law"). Moreover, as Plaintiff concedes he was aware of these arguments before and failed to make them, they cannot form the basis for reconsideration.

below). Therefore, Plaintiff's arguments are not properly characterized as intervening changes in controlling law.

**1. Consideration of the Promos**

Throughout the First Amended Complaint (FAC), Plaintiff refers to the "Trailer" for the Series. See, e.g., FAC ¶ 74, 89-97, 117. Because Plaintiff did not attach the Trailer to his complaint, or otherwise identify it, Defendant requested judicial notice of all the promotional clips for the Series (the Promos). See Dkt. 58 (Defs.' RJN); see also Opp'n at 13. Plaintiff filed a non-opposition to that request. Dkt. 77.

In his opposition to Defendants' motion for judgment on the pleadings, Plaintiff described what he believed to be the similarities between the Promos and his Works. Dkt. 86 (JOP Opp'n) at 19. The Court considered and rejected those arguments. See, e.g., Order at 14 (addressing initial act of gun violence), 18 (addressing the initial act of gun violence and Spencer being violent and "offered a way out"), 25 (addressing dialogue between Leila and Spencer), 28 (addressing initial act of gun violence). Further, most of the alleged similarities between the Promos and Plaintiff's Work involved the unregistered script or Plaintiff's non-copyrighted public biography. See JOP Opp'n at 19-20. And finally, the Promos are merely made up of scenes from the pilot episode that the Court also considered in detail.[7]

The fact that the Court may not have explicitly noted when it was considering the Promos as opposed to the other episodes of the Series is not grounds for reconsideration. Nor is the fact that Plaintiff placed

---

[7] Plaintiff relies on Wilson v. Walt Disney Co., No. 14-CV-01441-VC, 2014 WL 4477391 (N.D. Cal. July 30, 2014) where a district court held that although the defendant's movie was not substantially similar to the plaintiff's work as a matter of law, a reasonable jury could find that defendant's movie trailer was substantially similar to plaintiff's work. Id. at *1, *2. Plaintiff cited this case in support of his prior briefing. JOP Opp'n at 41-42. Moreover, Plaintiff has not shown how a five-year old district court decision could serve as a proper basis for reconsideration.

greater "significant and importance" on the Promos than the Court. See Mot. at 10.

### 2. Decision Not to Hold a Hearing

Plaintiff contends that the Court violated his constitutional rights and his right to oral argument by declining to hold a hearing. Mot. at 10. However, as noted in the Order, the Court is not required to hold a hearing. Order at 1-2 (citing Fed. R. Civ. P. 78; Local Rule 7-15).[8] Moreover, this is not a basis for reconsideration.

### 3. Consideration of Plaintiff's Legal Theories

Plaintiff contends that the Court 1) "mischaracterized 'fragmented similarities' of reoccurring plots," 2) did not "determine the breadth of protection for the Works before apply the extrinsic test," and 3) "did not address the 'audience,' and 'format' (collectively 'blueprint')." Mot. at 9. Each of Plaintiff's arguments boils down to a disagreement with the Court's Order. See, e.g., Mot. at 26 ("The Court erred in dismissing [the copyright-based causes of action], because it has not applied the ex[]trinsic test properly"). A motion for reconsideration is not the vehicle to rehash previously made arguments or to expand on arguments that have been, or could have been, made.

a. Fragmented Similarity

In its prior briefing, Plaintiff addressed fragmented similarity. JOP Opp'n at 1, 17. Plaintiff makes no argument that there has been a

---

[8] Plaintiff appears to believe he has a right to oral argument under Federal Rule of Evidence 201(e) which provides: "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Plaintiff's interpretation of this provision is incorrect. An opportunity to be heard does not require a hearing where an opportunity to respond in writing is given. See Longacre v. Kitsap Cty., 744 F. App'x 450, 451 (9th Cir. 2018) ("[T]he district court did not err by taking judicial notice of these documents without a hearing because [plaintiff] had an opportunity to be heard by filing objections to defendants' request for judicial notice").

change in the law or a material difference in the law than that considered by the Court. Rather, Plaintiff contends that under a fragmented similarity test, "Defendant[s'] 100-episode plan is virtually identical to the . . . the story being told about this African American football Star, and the community he comes from whilst blending the privileged world (commercial)." Mot. at 16-17. However, the "100-episode plan" was not referenced in the FAC, the JOP Opposition, nor was it before the Court. Nor is it before the Court now. Nor has Plaintiff explained why it could not have been before the Court prior to issuing the Order.

In addition, fragmented similarity requires a defendant to have "copie[d] a portion of the plaintiff's work exactly or nearly exactly." Newton v. Diamond, 388 F.3d 1189, 1195 (9th Cir. 2004). Plaintiff does not identify what portion of the Series copies the Works "exactly." To the extent Plaintiff believes that the neighborhood act of gun violence in the Promos is copied "exactly or nearly exactly" from the Works, the Court already considered that argument and disagreed. See Order at 14, 18, 28. Plaintiff appears frustrated that the Defendants included the act of gun violence in the Promos, when it was so insignificant in the rest of the Series. See, e.g., Mot. at 9 (the Promos use of gun violence was "unlawfully appropriated the inciting incident found in the 'Cold Opening' of the 93-page Script to sell the entire Series"); id. at 14 ("[T]he Series['] '**six promos**' used the inciting incident to market and promote episodes beyond the sco[pe] in which it appeared."); id. at 27 (The Promos "led [the audience] to believe that the Series was solely about the gun shoot incident . . . [w]hilst watching the Pilot for the Series, the inciting incident was made to look insufficient and the Hero's Journey was patronized with a soap opera twist."); Reply at 12 ("[T]he Defendants spent three weeks triggering the audience's Alpha Brain with the 'neighborhood act of gun violence' as if it was of vital importance to the Central Dramatic Question that disrupts the Ordinary World before Spencer accepted the Call to Adventure" (emphasis deleted)). However, that fact is not a basis for the Court to

reconsider whether the Series has fragmented similarity (or substantial similarity) to the Works.[9]

Plaintiff also argues that his character Blake constitutes the "story being told." Mot. at 12-13 (citing Warner Bros. Pictures v. Columbia Broad. Sys., 216 F.2d 945, 950 (9th Cir. 1954)). He made this argument in his opposition. JOP Opp'n at 11, 24, 28-30, 32, 33, 37. Plaintiff has not stated that any facts or law have changed.[10]

Plaintiff also disagrees with the Court's application of Metcalf v. Bochco, 294 F.3d 1069 (9th Cir. 2002) to the facts of this case and contends that a decision under Metcalf cannot be made as a matter of law. Mot. at 12-13, 18-19. However, Plaintiff does not contend that the case law he cites is either "a material difference in . . . law from that presented to the Court . . . that in the exercise of reasonable diligence could not have been known" to him or a change in law. Therefore, this is not grounds for reconsideration.

b. Breadth of Protection

Plaintiff also contends that the Court was required to explicitly determine the breadth of protection for Plaintiff's Works before performing the extrinsic test. Mot. at 13 (citing Mattel, Inc. v. MGA Entm't, Inc., 616 F.3d 904, 913 (9th Cir. 2010), as amended on denial of reh'g (Oct. 21, 2010)). Contrary to Plaintiff's characterization of Mattel,

---

[9] Plaintiff cites to May v. Sony Music Entm't, 399 F. Supp. 3d 169 (S.D.N.Y. 2019) where the district court decided to apply fragmented similarity to a copyright claim that was "based on Defendants' use of a phrase, not the overall similarity of the songs as a whole." Id. at 185. In contrast, Plaintiff here does contend that the Works and the Series are similar as a whole.

[10] The Ninth Circuit did recently issue a decision analyzing the "story being told" line of character copyright protection. Daniels v. Walt Disney Co., No. 18-55635, 2020 WL 1240915, at *5 (9th Cir. Mar. 16, 2020) ("Since the 1950s, we have also extended copyright protection to characters—both literary and graphic—that constitute 'the story being told' in a work"). However, Plaintiff does not contend (nor could he) that this case evidences any material change in law.

the Ninth Circuit did not state that district courts "must begin by considering the breadth of the copyright protection first." Id. (emphasis deleted). Rather, the Circuit merely stated that it would "start by determining the breadth of the possible expression of those ideas." Mattel, 616 F.3d at 913. It went on to state that the substantial similarity test applied wherever copyright protection was broad, whereas a "virtually identical" test would apply if copyright protection was thin. Id. at 913-914. Because the Court applied the substantial similarity test, it necessarily concluded that the Works were entitled to broad protection. See id. at 914 ("By adopting the 'substantially similar' standard, the district court afforded [the works] broad copyright protection"). Therefore, to the extent Plaintiff disagrees with the Court's decision to apply the substantial similarity test, or the way in which it applied that test (see Mot. at 14-19), that is not a basis for reconsideration. Again, Plaintiff does not contend that there are any new law or facts or that he did not, and could not have, raised the cited cases earlier. To the extent Plaintiff cites to additional articles or other public statements, he makes no effort to explain why these facts would be properly considered on a motion for judgment on the pleadings or why they could not have been included in the original briefing.

c. Audience and Format Theories

Plaintiff lists a number of different legal theories that he contends the Court either failed to address or should have applied, including the format theory, audience theory, abstraction test, pattern test, total concept and feel, comprehensive nonliteral similarity, similarity of limited segments, fragmented literal similarity, partial dissimilarity, and intentional dissimilarity. Mot. at 22-25. For most of these theories, Plaintiff simply describes them, but does not explain how any of them would support reconsideration. And Plaintiff addressed most, if not all, of these theories in prior briefing. See JOP Opp'n at 17, 38-39. Further, none of the cited cases or theories are based on law that has emerged since Plaintiff originally filed his opposition.

**4. Determination of Copyright Infringement as a Matter of Law**

Plaintiff also argues that the Court "abused its discretion in determining copyright infringement as a matter of law." Mot. at 9. However, this is exactly the type of disagreement that is not sufficient grounds for reconsideration. Although Plaintiff attempts to distinguish the cases relied on by the Court, he does not assert that there has been a change in the law or that there was a material difference in law from that presented to the Court.

Plaintiff cites to Astor-White v. Strong, 733 F. App'x 407, 408 (9th Cir. 2018) to support his position. Mot. at 19-20. However, Astor-White does not evidence a change in law. Additionally, and contrary to Plaintiff's arguments, that case is not binding on this Court. See 9th Cir. Rule 36-3(a) ("Unpublished dispositions and orders of this Court are not precedent."). Further, the portion cited by Plaintiff was the concurrence, not the opinion.

**5. Denial of Plaintiff's Request for Judicial Notice**

Plaintiff contends that the Court failed to consider material facts when it denied Plaintiff's request for judicial notice of five TV show episodes of unrelated shows, Dkt. 84 (Pl's RJN). Mot. at 10, 11. Plaintiff contends that "the Complaint, the Works, and the Series rel[y] on" the five television series submitted by him and therefore are not "beyond the sco[]p[e] of the pleadings." Id. at 11. However, the Court denied Plaintiff's RJN of the shows on the grounds that they were not authenticated and irrelevant, not that they were outside of the pleadings. Order at 11 n.4. Moreover, Plaintiff has failed to explain how consideration of these shows would be material to the Court's decision.

Plaintiff contends that other courts have "taken judicial notice of elements that are common to a given genre." Mot. at 11 (citing Zella v. E.W. Scripps Co., 529 F. Supp. 2d 1124, 1129 (C.D. Cal. 2007) and DuckHole Inc. v. NBC Universal Media LLC, No. CV 12-10077 BRO CWX, 2013 WL 5797279, at *4 (C.D. Cal. Sept. 6, 2013)). In both of

those cases, the defendants sought judicial notice of certain common elements in an effort to establish a lack of substantial similarity (the opposite of what Plaintiff sought to do here). And the courts in both of those cases found that based on the extrinsic test, the works at issue were not substantially similar as a matter of law. See Zella, 529 F. Supp. 2d at 1139 (granting motion to dismiss with prejudice because "no reasonable jury could conclude that [defendant's work] is substantially similar to any protectable elements of [plaintiffs' work] or to the order in which Plaintiffs have presented non-protectable elements in [their work]"); DuckHole, 2013 WL 5797279, at *9 (granting motion to dismiss with prejudice because "[e]ach factor in the 'extrinsic test' militates so strongly in Defendants' favor that no reasonable jury could conclude that the treatment of [the two works] are substantially similar"). Plaintiff does not explain how any common elements would have changed the Court's conclusions.[11]

This is not a basis for reconsideration.

### 6. Decision Not to Convert the Motion into a Motion for Summary Judgment and Consider Plaintiff's Evidence

Under Federal Rule of Civil Procedure 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Plaintiff contends that because the Court considered the Promos, it should have converted the motion to one for summary judgment and considered all of the evidence submitted by him. Mot. at 10-11. However, the Promos are not "matters outside of the pleadings." In the Ninth Circuit, courts

[11] Nor did Plaintiff ever explain how purported similarities between these shows and the Works or the Series would support his position. In his RJN, Plaintiff appears to contend that these various shows contain the following concepts: "Absent Father Origination," "Chastised by Coach," and "Father As Coach." Pl.'s RJN at 2. To the extent these concepts are contained in both the Works and the Series, that further supports the Court's conclusion that there is no substantial similarity as they would be filtered out of the comparison for purposes of the extrinsic test.

can properly consider "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." United States v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011). The Promos undoubtedly meet this standard. The evidence submitted by Plaintiff did not.

Moreover, Plaintiff does not explain how any of the evidence he submitted would have been material to the Court's decision. For purposes of the motion, Defendants conceded they had access to Plaintiff's Works and only challenged substantial similarity. Plaintiff does not explain how his proposed evidence had any bearing on that question, let alone would go to a material fact.

**7. Unregistered Works**

In the Order, the Court concluded that "at this time, the Court considers only the works that are subject to a registered copyright" pursuant to Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881 (2019). Id. at 11-12. Therefore, the Order applies only as to those works.

Plaintiff faults the Court for making any references to the unregistered works in its Order, noting that the Court "over stepped its jurisdiction by predetermining how it will rule on a *pending* copyright registration." Mot. at 8. To the extent the Court addressed some of Plaintiff's arguments that were based on the unregistered works,[12] that was dicta and therefore cannot "cause irreparable harm to Plaintiff's claim of copyright infringement" based on the unregistered works. Mot. at 9. This is not a ground for reconsideration.

---

[12] Plaintiff also argues that the Court was "'cherry picking' elements from the 93-page script to evaluate." Mot. at 8. But the Court only addressed the parts of the script identified by Plaintiff. See Order at 24-26.

### 8. Other Disagreements

Plaintiff also disagrees with the Court's conclusions regarding the non-copyright causes of action. Mot. at 25-28. However, because Plaintiff does not express anything beyond mere disagreement, this fails to provide a basis for reconsideration.

Plaintiff's motion for reconsideration is DENIED.

## C. Motion to Certify Order for Interlocutory Appeal

28 U.S.C. §1292(b) gives Courts of Appeal jurisdiction over orders that are not usually appealable if a district judge states in writing that she is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

Plaintiff does not explicitly address any of the requirements under Section 1292(b), thereby failing to satisfy his burden. Id. ("[T]he party pursuing the interlocutory appeal bears the burden of . . . demonstrating" that "the certification requirements of the statute have been met."). The Court concludes that certification is not proper because there is no controlling question of law to which there is substantial ground for difference of opinion. "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." Id. Controlling law may be unclear "where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression is presented.'" Id. (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). None of these situations apply here. The Court applied clear and controlling Ninth Circuit law in issuing the Order. See, e.g., Order at 5, 9-11. That Plaintiff disagrees with the Court's application of that law is not a basis

to certify an interlocutory appeal. Couch, 611 F.3d at 633 ("That settled law might be applied differently does not establish a substantial ground for difference of opinion").

Plaintiff appears to believe that the Ninth Circuit must rule on his copyright claims "prior to pursuing the remaining Cause of Actions" because those claims have been "significantly weakened" by the Order. Mot. at 7; see also Mot. at 26-27 (Plaintiff requests that the Court "stay" the remaining causes of action "until the Ninth Circuit decides the copyright infringement claim."). The Court granted judgment on the pleadings as to Plaintiff's copyright action and granted leave to amend the First, Fifth, and Seventh Causes of Action only to the extent those claims did not rely on "Defendants' alleged subsequent use of Plaintiff's intellectual property." Order at 31, 33, 38. Therefore, because the remaining claims must necessarily not rely on Plaintiff's copyright infringement claims, the Court disagrees that the Ninth Circuit needs to weigh in before Plaintiff pursues those claims.

Plaintiff's motion for the Court to certify the Order for interlocutory appeal is DENIED.

## III. CONCLUSION

Plaintiff's motion to alter or amend the Court's Order, motion for reconsideration of orders, or in the alternative, motion to certify order for interlocutory appeal is DENIED.[13]

IT IS SO ORDERED.

DATED: March 19, 2020

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

[13] As noted above, the Court understands that navigating the legal system as a pro se litigant can be challenging. Nonetheless, the standards governing reconsideration and certification of orders apply equally to Plaintiff as to any other litigant.